## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN COLISTER JR., <br>        Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF <br> JUVENILE JUSTICE, <br>        Defendants. | CIVIL ACTION FILE NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, John Colister, Jr., by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files his Complaint, showing the Court as follows:

### I.   JURISDICTION AND VENUE

1. This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the FLSA.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of this Complaint, which arises out of the same transaction or occurrence as Count I of this Complaint.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    PARTIES

5. Plaintiff is a United States citizen and resident of Fulton County, Georgia.

6. Defendant Department of Juvenile Justice is a Georgia state agency operating and headquartered in DeKalb County, Georgia, 3408 Covington Highway, Decatur, GA 30032.

7. Defendant may be served by delivering a copy of the Complaint and Summons to its primary office located at 3408 Covington Highway, Decatur, GA 30032.

8. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III.    FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant on or about June 16, 2017.

10. Plaintiff's employment with Defendant ended on or about November 30, 2018.

11. During all times relevant to this Complaint, Defendant classified Plaintiff as an employee.

12. During all times relevant to this Complaint, from September 2017 through November 30, 2018, Plaintiff worked for Defendant as a Juvenile Correctional Officer ("JCO") Lieutenant.

13. As a JCO Lieutenant, Plaintiff was paid at a regular rate of $19.56 per hour.

14. Plaintiff's primary duties included enforcing relevant rules and regulations necessary for the control and management of juveniles, overseeing juveniles during work assignments, meals, and recreation periods, guarding facility entrances for visitor screening, inspecting and maintaining logs, guard duty, detection and reports of contraband, waxing and cleaning floors, painting, laundry, guarding juveniles overnight.

15. Plaintiff performed some work for Defendant in an executive capacity, including sitting on interview panels and directing subordinate work.

16. Plaintiff did not work for Defendant in an administrative capacity.

17. Plaintiff did not work for Defendant in a professional capacity.

18. As a non-exempt employee for the Defendant, Plaintiff agreed to receive FLSA compensatory time instead of cash payment for overtime he worked up to 480 hours.

19. Defendant's Department Policy #3.31 required that amounts of FLSA compensatory time earned in excess of 480 hours must be paid as overtime pay.

20. On June 27, 2018, Defendant released a memorandum stating that full-time employees, non-exempt employees, and JCO Lieutenants would receive compensatory time payouts on June 29, 2018, for overtime hours accrued between November 6, 2017, and May 20, 2018.

21. During the period of November 6, 2017, through May 20, 2018, Plaintiff worked approximately 630 overtime hours according to his Kronos time records.

22. Plaintiff did not receive any compensatory time payout for hours over 40 worked between November 6, 2017, and May 20, 2018.

23. Plaintiff did not receive any regular pay for hours over 40 worked between November 6, 2017, and May 20, 2018.

24. Plaintiff did not receive any overtime pay for hours over 40 worked between November 6, 2017, and May 20, 2018.

25. After May 20, 2018, Plaintiff worked approximately 520 additional hours of overtime until his employment ended on November 30, 2018.

26. Plaintiff did not receive any compensatory time payout for hours over 40 worked between May 20, 2018, and November 30, 2018.

27. Plaintiff did not receive any regular pay for hours over 40 worked between May 20, 2018, and November 30, 2018.

28. Plaintiff did not receive any overtime pay for hours over 40 worked between May 20, 2018, and November 30, 2018.

## IV. CLAIMS FOR RELIEF

## COUNT I:  OVERTIME VIOLATION
## (FLSA)

29. Plaintiff reasserts and incorporates Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

30. Defendant was an employer under the FLSA. *See Para. 8.*

31. Plaintiff was a non-exempt employee of Defendant under the FLSA. *See Paras. 9-19.*

32. Plaintiff was not paid his regular wages for any hours worked over forty per week any week of his tenure with the Defendant. *See Paras. 23, 27.*

33. Plaintiff was not paid an overtime premium for any hours worked over forty per week any week of his tenure with the Defendant. *See Paras. 22-24, 26-28.*

34. Defendant intentionally withheld overtime pay from Plaintiff despite his non-exempt status. *See Paras. 21-28.*

## COUNT II: BREACH OF CONTRACT

35. Plaintiff reasserts and incorporates Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendant contracted to pay JCO Lieutenants for overtime hours accrued between November 6, 2017, and May 20, 2018, on June 29, 2018. *Para. 20.*

37. Plaintiff worked overtime hours between November 6, 2017, and May 20, 2018 in accordance with the memorandum. *Para. 21.*

38. Plaintiff performed all material conditions, covenants, and promises required to be performed on his part in accordance with the terms and conditions of the parties' Agreement. *Para. 20-21.*

39. Plaintiff was not paid for overtime hours accrued between November 6, 2017, and May 20, 2018, on June 29, 2018. *Para. 22-24.*

40. Defendant has breached the agreement made with Plaintiff.

41. As a direct and proximate result of Defendant's breach, Plaintiff is entitled to the full value of the hours owed plus interest.

42. Defendant has acted in bad faith and has caused Plaintiff unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recovery of his litigation expenses, including but not limited to reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his claims above, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a judgment in Plaintiff's favor for unpaid overtime premiums plus interest, liquidated damages equal to the unpaid overtime premiums plus interest, attorney fees, and litigation expenses;

C. That Plaintiff be awarded his litigation expenses, including but not limited to attorneys' fees pursuant to O.C.G.A. § 13-6-11;

D. Costs of this action; and

E. For such other and further relief as the Court deems appropriate and just.

This 16th day of June, 2020.

Respectfully submitted,

The Kirby G. Smith Law Firm, LLC

/s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone:  (470) 387-9292
Fax:  (877) 352-6253
rbc@kirbygsmith.com
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing

COMPLAINT was prepared using Times New Roman, 14-point font in accordance

with LR 5.1(B).

This 16th day of June, 2020.

Respectfully submitted,

The Kirby G. Smith Law Firm, LLC

/s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone:  (470) 387-9292
Fax:  (877) 352-6253
rbc@kirbygsmith.com